| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

FREDERICK RAY AKINS, §
　§
　　　　Plaintiff, §
　§
*versus* § CIVIL ACTION NO. 1:10-CV-328
　§
LIBERTY COUNTY, TEXAS, *et al.*, §
　§
　　　　Defendants. §

**MEMORANDUM AND ORDER**

Pending before the court are Defendants Allen Youngblood ("Youngblood") and i-dineout.com's Motion to Dismiss (#7) as well as Defendants Trinity Valley Broadcasting Company ("Trinity Valley") and Bill Buchanan's ("Buchanan") Motion to Dismiss (#14). Both motions seek dismissal of Plaintiff Frederick Ray Akins's ("Akins") claims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Having reviewed the pending motions, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that dismissal is warranted.

I.　Background

On June 8, 2010, Akins filed the instant lawsuit against numerous defendants, including Liberty County, Texas; Liberty County Judge Phil Fitzgerald; the Liberty County Sheriff's Office; Liberty County Sheriff Henry Patterson; unnamed Liberty County Sheriff's Office employees; and Community Education Centers, Inc. (collectively, the "Liberty County Defedants"). Akins alleges that, while housed as an inmate at the Liberty County Correctional Facility between June 8, 2009, and June 12, 2009, he was subjected to constitutionally inadequate and unsanitary jail conditions and provided inadequate medical care. He seeks to recover under 42 U.S.C. § 1983 in addition

to a number of state law tort theories, including negligence, intentional infliction of emotional distress, and civil conspiracy.

Akins also proceeds against Defendants Youngblood, i-dineout.com, Trinity Valley, and Buchanan (collectively, the "Media Defendants"). Youngblood operates an online news website known as i-dineout.com, and Buchanan is an employee of Trinity Valley, a Texas corporation doing business as KSHN Radio. Akins claims that Trinity Valley and Buchanan published unspecified medical information "protected from unauthorized release by the HIPAA Act"[1] as well as defamatory statements regarding Akins's association with a militia group, criminal history, residency, and character. He further alleges that Youngblood displayed similar statements on i-dineout.com. Akins asserts causes of action against the Media Defendants for defamation, libel *per se*, defamation *per se*, intentional infliction of emotional distress, negligence in the handling of Akins's information, civil conspiracy, and vicarious liability.

On August 5, 2010, Youngblood and i-dineout.com filed a motion to dismiss Akins's claims on the bases that (1) the court lacks subject matter jurisdiction, and (2) Akins fails to state a claim upon which relief can be granted. On August 13, 2010, Trinity Valley and Buchanan filed a separate motion to dismiss on the same grounds. Akins maintains that the court has federal question, diversity, and supplemental jurisdiction.[2]

---

[1] HIPAA is an acronym for the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996).

[2] The court notes that Akins's responses to Defendants' motions are untimely. His response to Youngblood and i-dineout.com's motion was filed more than one month late, and his response to Trinity Valley and Buchanan's motion was not filed until November 8, 2010, more than two months overdue.

II.   Analysis

   A.   Dismissal for Lack of Subject Matter Jurisdiction Under Rule 12(b)(1)

A motion to dismiss filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the subject matter jurisdiction of the federal district court. *See* FED. R. CIV. P. 12(b)(1). Federal courts are courts of limited jurisdiction and, absent jurisdiction conferred by statute or the Constitution, lack the power to adjudicate claims. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004); *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Johnson v. United States*, 460 F.3d 616, 621 n.6 (5th Cir. 2006); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001). Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331, 1332; *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *McDonal v. Abbott Labs.*, 408 F.3d 177, 181 (5th Cir. 2005); *Howery*, 243 F.3d at 914-15; *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000). "'"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."'" *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996))); *see Krim v. PcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005); *John Corp. v. City of Houston*, 214 F.3d 573, 576 (5th Cir. 2000). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery*, 243 F.3d at 919; *accord Gasch v. Hartford Accident & Indem. Co.*,

491 F.3d 278, 284 (5th Cir. 2007); *In re TXNB Internal Case*, 483 F.3d 292, 298 n.6 (5th Cir.), *cert. denied*, 552 U.S. 1022 (2007).

The burden of establishing federal jurisdiction rests on the party seeking to invoke it. *See Hertz Corp. v. Friend*, __ U.S. __, __, 130 S. Ct. 1181, 1194 (2010); *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006); *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 461 (5th Cir. 2010). Indeed, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citing *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984)); *accord Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377). Moreover, the court must always be mindful of "'"the first principle of federal jurisdiction,"'" which requires a federal court to dismiss an action whenever it appears that subject matter jurisdiction is lacking. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (quoting *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994) (quoting HART & WECHSLER, THE FEDERAL COURTS AND THE FEDERAL SYSTEM 835 (2d ed. 1973))).

"'When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits . . . .'" *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209 (5th Cir. 2010) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002)); *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (holding that when there is both a want of jurisdiction under Rule 12(b)(1) and a failure to state a claim on which relief can be granted under Rule 12(b)(6), the trial court should dismiss on the jurisdictional ground without reaching the question of failure to state a claim). "This requirement prevents a court without

4

jurisdiction from prematurely dismissing a case with prejudice." *Ramming*, 281 F.3d at 161 (citing *Hitt*, 561 F.2d at 608); *accord In re Great Lakes Dredge & Dock Co.*, 624 F.3d at 209. The court's dismissal of a plaintiff's case because the court lacks subject matter jurisdiction is not a determination on the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. *See Ramming*, 281 F.3d at 161 (citing *Hitt*, 561 F.2d at 608); *accord In re Great Lakes Dredge & Dock Co.*, 624 F.3d at 209.

"A Rule 12(b)(1) motion should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." *Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009); *see Ramming*, 281 F.3d at 158; *Atl. Cas. Ins. Co. v. Ramirez*, 651 F. Supp. 2d 669, 677 (N.D. Tex. 2009). In ruling on such a motion, a court may consider "'(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Spotts v. United States*, 613 F.3d 559, 565 (5th Cir. 2010) (quoting *St. Tammany Parish v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009)); *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009); *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008); *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). "The standard of reviewing a motion to dismiss pursuant to 12(b)(1) depends upon whether the defendant makes a facial or factual challenge to the plaintiff's complaint." *Radar Solutions, Ltd. v. U.S. Fed. Commc'ns Comm'n*, 628 F. Supp. 2d 714, 723 (W.D. Tex. 2009), *aff'd*, 368 F. App'x 480 (5th Cir.), *cert. denied*, 130 S. Ct. 3524 (2010) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). "A 'facial attack' on the complaint requires the court merely to look and see if plaintiff has sufficiently alleged a basis of subject matter

jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.), *cert. denied*, 449 U.S. 953 (1980); *accord Den Norske Stats Oljeselskap As v. HeereMac V.O.F.*, 241 F.3d 420, 424 (5th Cir. 2001), *cert. denied*, 534 U.S. 1127 (2002); *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981), *cert. denied*, 454 U.S. 897 (1982); *Radar Solutions, Ltd.*, 628 F. Supp. 2d at 723.

In bringing this motion to dismiss under Rule 12(b)(1), the Media Defendants rely solely on the language of the complaint. Accordingly, this is a facial attack, and Akins's allegations must be taken as true for purposes of determining whether he has sufficiently alleged a basis for subject matter jurisdiction.

### B. Subject Matter Jurisdiction Under 28 U.S.C. §§ 1331 and 1343

With respect to federal question jurisdiction, federal district courts have "original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see Budget Prepay, Inc. v. AT&T Corp.*, 605 F.3d 273, 278 n.1 (5th Cir. 2010); *Howery*, 243 F.3d at 916; *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997). A federal question arises if a substantial, disputed question of federal law is presented on the face of the plaintiff's "well-pleaded complaint." *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008); *McAteer v. Silverleaf Resorts, Inc.*, 514 F.3d 411, 416 (5th Cir.), *cert. denied*, 514 U.S. 1080 (2008). "Federal question jurisdiction under § 1331 extends to cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Frank*, 128

F.3d at 922; *see Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008); *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir.), *cert. denied*, 537 U.S. 1046 (2002); *Howery*, 243 F.3d at 916-17. "The Supreme Court 'has repeatedly held that, in order for a claim to arise "under the Constitution, laws, or treaties of the United States," "a right or immunity created by the Constitution or laws of the United States" must be an element and an essential one, of the plaintiff's cause of action.'" *T M Sys., Inc. v. United States*, 473 F. Supp. 481, 486 (D. Conn. 1979) (quoting *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127 (1974)); *accord Howery*, 243 F.3d at 917.

Hence, "a complaint creates federal question jurisdiction when it states a claim created by the Constitution or laws of the United States." *Howery*, 243 F.3d at 917 (citing *Am. Well Works v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). A "complaint also creates federal question jurisdiction when it states a cause of action created by state law and (1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial." *Howery*, 243 F.3d at 917 (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983)); *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936)); *accord Bobo v. Christus Health*, 359 F. Supp. 2d 552, 555 (E.D. Tex. 2005). "Ultimately, whether a federal issue embedded in the matrix of a state law claim will support federal question jurisdiction entails a pragmatic assessment of the nature of the federal interest at stake." *Howery*, 243 F.3d at 917.

Pursuant to 28 U.S.C. § 1343, federal district courts also have original jurisdiction over any civil action authorized by law to be commenced by any person:

7

> (1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;
>
> (2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;
>
> (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;
>
> (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

28 U.S.C. § 1343. "Though 28 U.S.C. § 1343 remains valid law, its grant of jurisdiction in civil rights actions was rendered somewhat superfluous[ ] in 1980, with the elimination of [any] amount in controversy requirement in 28 U.S.C. § 1331." *Wheeler v. McDaniel*, No. 1:08-CV-56, 2008 WL 4963106, at *3 n.5 (E.D. Tenn. Nov. 18, 2008); *see* ERWIN CHEMERINSKY, FEDERAL JURISDICTION § 8.1 (5th ed. 2007).

In this case, Akins proceeds against the Liberty County Defendants pursuant to § 1983, but he does not assert a § 1983 or other federal civil rights claim against Trinity Valley, Buchanan, Youngblood, or i-dineout.com. Thus, although the court has subject matter jurisdiction over Akins's § 1983 claims against the Liberty County Defendants pursuant to 28 U.S.C. §§ 1331 and 1343—the *only* two statutes upon which Akins relies for jurisdiction—neither authorizes the court to adjudicate Akins's claims against the Media Defendants for defamation, libel *per se*, defamation *per se*, intentional infliction of emotional distress, negligence, civil conspiracy, or vicarious liability. Each of these causes of action arises from state, rather than federal, law. *See Wackman*

8

*v. Rubsamen*, 602 F.3d 391, 408 (5th Cir. 2010) (outlining the elements of civil conspiracy under Texas law); *Gutierrez*, 543 F.3d at 252 (explaining that libel, libel *per se*, and intentional infliction of emotional distress arise under Texas statutory and common law); *Bodin v. Bagshenian*, 462 F.3d 481, 487 (5th Cir. 2006) (discussing vicarious liability under Texas law); *Dudley v. Sherry*, No. H-09-2076, 2010 WL 331917, at *2 (S.D. Tex. Jan. 27, 2010) (recognizing that "defamation claims are matters of state law") (citing *Levine v. CMP Publ'ns Inc.*, 738 F.2d 660, 673 n.19 (5th Cir. 1984)); *Nolden v. Creuzot*, No. 3:07-CV-1225, 2007 WL 2162051, at *2 n.1 (N.D. Tex. July 27, 2007) (allegations of negligence implicate state law); *Zimmerli v. Ocwen Loan Servicing, LLC*, 432 B.R. 238, 243 (Bankr. N.D. Tex. 2010) (stating that negligent misrepresentation is governed by state law).

The only federal law mentioned in Akins's complaint with regard to the Media Defendants is HIPAA. To the extent Akins alleges that their publication of protected HIPAA information gives rise to federal question jurisdiction in this case, his argument fails. As Akins correctly concedes, the Fifth Circuit has unequivocally held that HIPAA does not create a private right of action. *See Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006); *accord Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Crawford v. City of Tampa*, No. 09-15649, 2010 WL 3766627, at *2 (11th Cir. Sept. 28, 2010). Although Akins states generally that "HIPAA provides guidance in determining what the standard is as related to the use and handling of protected health information," he fails to demonstrate or even argue that a right created by HIPAA is an essential element of his claims, that interpretation of HIPAA is necessary to resolve his claims, or that a substantial question pertaining to HIPAA is involved in this case. "This omission alone precludes a determination that [Akins's complaint] raises 'a significant federal issue sufficient to establish

9

federal question jurisdiction.'" *Graves v. Health Express, Inc.*, No. 09-0277, 2009 WL 2835778, at *3 (W.D. La. Aug. 31, 2009) (quoting *New Orleans & Gulf Coast Ry. Co.*, 533 F.3d at 338 (finding plaintiff's broad assertion that the Federal Railroad Safety Act creates federal question jurisdiction inadequate to demonstrate "a significant federal issue sufficient to establish federal question jurisdiction")). In any event, courts presented with similar allegations have determined that "the privacy standards imposed by HIPAA are not uniquely federal and do not raise any issue of great federal interest." *K.V. v. Women's Healthcare Network, LLC*, No. 07-0228, 2007 WL 1655734, at *1 (W.D. Mo. June 6, 2007) (finding that plaintiff's state law claims involving the defendants' "access to and the disclosures of confidential health information" did not depend on resolution of a substantial question of federal law); *see White v. LaSalle Mgmt.*, No. 10-0620, 2010 WL 4627880, at *2 n.2 (W.D. La. Nov. 4, 2010) (stating that HIPAA "does not provide a private cause of action, and does not confer federal subject matter jurisdiction"); *Graves*, 2009 WL 2835778, at *3 (finding no federal question jurisdiction over plaintiff's claims against defendants for "disclos[ing] protected and confidential medical information . . . to person(s) that were not authorized by law to receive said information," reasoning that "there is no indication that resolution of the HIPAA violation is indispensable to plaintiff's case"); *Bigelow v. Sherlock*, No. 04-2785, 2005 WL 283359, at *2-3 (E.D. La. Feb. 4, 2005) (finding state law negligence and intentional infliction of emotional distress claims premised on violations of HIPAA insufficient to support removal).

In sum, there is no independent jurisdictional basis for Akins's claims against Trinity Valley, Buchanan, Youngblood, or i-dineout.com. Akins does not plead supplemental jurisdiction

pursuant to 28 U.S.C. § 1367 or diversity jurisdiction pursuant to 28 U.S.C. § 1332.[3] Accordingly, Akins has not met his burden to establish the court's subject matter jurisdiction and, therefore, dismissal is warranted. Under these circumstances, the court need not reach the Media Defendants' requests for dismissal under Rule 12(b)(6). *See Hitt*, 561 F.2d at 608.

III. Conclusion

Consistent with the foregoing analysis, the pending motions to dismiss are GRANTED, and Akins's claims against Trinity Valley, Buchanan, Youngblood, and i-dineout.com are DISMISSED for lack of subject matter jurisdiction.

SIGNED at Beaumont, Texas, this 15th day of February, 2011.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[3] Nevertheless, it is unlikely that Akins would succeed in establishing that his claims against the Media Defendants (which involve the alleged publication of information about Akins's residence and character) "are so related" to the claims against the Liberty County Defendants (which center around Akins's treatment while incarcerated) that "they form part of the same case or controversy." 28 U.S.C. § 1367; *see United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) ("The state and federal claims must derive from a common nucleus of operative fact."); *see also Barnes v. Borough of Pottstown*, No. 93-1498, 1993 WL 239314, at *1-2 (E.D. Pa. June 30, 1993) (finding plaintiff's defamation claim against local newspaper "merely tangential" to his federal civil rights claim against police department).

There is also no basis for diversity jurisdiction, as Akins is a citizen of Missouri, and the previously dismissed Defendant Community Publishers, Inc. d/b/a Buffalo Reflex Newspaper is an Arkansas corporation with its principal place of business in Missouri. *See Exxon Mobil Corp.*, 545 U.S. at 553; *Dole Food Co. v. Patrickson*, 538 U.S. 468, 478 (2003).